**BEN LOVEMAN** (SBN # 249970)
ATTORNEY AT LAW
Law Offices of Virender Kumar Goswami
350 San Some St., Ste. 600
San Francisco, California 94104
Tel: (415) 391-0228
Fax:(415) 288-0459

Attorney for Plaintiff
**NISHAT KOUSAR**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NISHAT KOUSAR** | Civil Action No.: C 07-05221 EDL |
| Plaintiff | |
| v. | |
| **ROBERT MUELLER III,** Director, Federal Bureau of Investigation; **GREGORY** CHRISTIAN, Acting Director, Nebraska Service Center, USCIS; **EMILIO GONZALES,** Director, U.S. Citizenship and Immigration Services (USCIS); **MICHAEL CHERTOFF,** Secretary, Department of Homeland Security; **PAUL CLEMENT,** Acting Attorney General, Department of Justice; **TERRY RICE,** San Francisco Field Office Director, USCIS; | **COMPLAINT FOR WRIT OF MANDAMUS**<br><br>USCIS No.: A 95 410 680<br><br>IMMIGRATION CASE |
| Defendants. | |

*Kousar v. Mueller III  et.al*                                   1
*Complaint for Writ of Mandamus*

**INTRODUCTION**

1. This is an individual action for declaratory judgment, injunctive and mandamus relief, authorized under the Declaratory Judgment Act, 28 U.S.C. Section 1361, and the Administrative Procedure Act, et. seq. This action is brought by Plaintiff to compel Defendants and those acting under them to take action on Plaintiff's Application for Adjustment of Status, Form I-485, as is required under the Immigration and Nationality Act (INA), 8 U.S.C. §1101 et. seq. and applicable regulations, so that Plaintiff may finally receive a determination on her application to adjust status to lawful permanent resident.

2. Plaintiff is eligible to have her Application adjudicated.

3. Plaintiff's application was filed with the Nebraska Service Center of the United States Citizenship and Immigration Services ("USCIS") in December of 2003.

4. Defendants, the Department of Homeland Security and U.S. Citizenship and Immigration Services, are charged by law with the statutory obligation to adjudicate this Application to Adjust Status, Form I-485 but have failed to adjudicate.

**PARTIES**

5. Plaintiff, Nishat Kousar, was granted asylum in the United States on August 30, 2002. She is currently an applicant for adjustment of status to lawful permanent residence and resides in Sausalito, California.

6. Defendant, Robert S. Mueller is sued in his official capacity as the Director of the Federal Bureau of Investigation ("FBI"). He is responsible for conducting both criminal record checks and the National name Check Program ("NNCP"). The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies, including USCIS.

7. Defendant, Gregory Christian is sued in his official capacity as the Acting Director of the Nebraska Service Center of the USCIS, an agency within the Department of Homeland Security, which is charged by law with the duty of adjudicating I-485 applications for adjustment of status to lawful permanent residence for persons granted asylum.

8. Defendant, Emilio Gonzales is sued in his official capacity as the director of USCIS, an agency within the Department of Homeland Security, which is charged by law with the duty of adjudicating I-485 applications for adjustment of status.

9. Defendant, Acting Attorney General Paul Clement is sued in his official capacity as the Attorney General of the United States. In this capacity he is charged with the administration and enforcement of the immigration law, including security checks required to obtain an immigration benefit such as adjustment of status to lawful permanent resident. 8 U.S.C. § 1103(a).

10. Defendant, Michael Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity he is responsible for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103(a), including the accurate, efficient, and secure processing of immigration benefits.

11. Defendant, Terry Rice is sued in his official capacity as San Francisco Field Office Director, USCIS.

## JURISDICTION

12. This court has jurisdiction over the present civil action pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) because Plaintiff's claim arises under United States Law, and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty. This action challenges only the defendants' procedural policies, practices, and interpretations of law, not the granting or denial of individual applications. Therefore, the jurisdictional limitations of INA §242, 8 U.S.C. §1252 are not applicable.

13. The aid of the court is invoked under 28 U.S.C. § 2201 and § 2202, authorizing declaratory judgment.

14. Costs and Attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), et seq.

## VENUE

15. 28 U.S.C. § 1391(e) provides that in a civil action in which the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority or any agency of the United States, the action may be properly brought in any judicial district in which a defendant in the action resides or in any judicial district where a plaintiff resides where no real property is involved. Plaintiff, Nishat Kousar , is a resident of the Northern District of California and Defendant Terry Rice, San Francisco Field Office Director, is also a resident of the Northern District of California.

## EXHAUSTION OF REMEDIES

16. Plaintiff has exhausted her administrative remedies. Plaintiff and her attorney have made numerous inquiries concerning the status of her Form I-485, Application to Adjust status to lawful permanent resident to no avail. (See Exhibits). Plaintiff has no other adequate remedy available for the harm she seeks to redress, the failure of Defendants to adjudicate her application for adjustment of status in a timely manner.

## FACTUAL ALLEGATIONS

17. Plaintiff is a citizen of India. She was granted political asylum in the United States on August 30, 2002. Plaintiff's Alien Registration number is A 72 404 025. (See Exhibit ("Ex") A).

18. Plaintiff applied for adjustment of status to lawful permanent residence (Form I-485) as an "asylee" pursuant to 8 U.S.C. 1159(b) on December 31, 2003 with the Nebraska Service Center of the USCIS. The USICS Nebraska Service Center received Plaintiff's application on January 5, 2004. (See Ex. B).

19. Plaintiff made numerous inquiries to USCIS Nebraska Service Center regarding the status of her Application to Adjust Status, Form I-485

20. On March 8, 2007, Plaintiff contacted the Department of Homeland Security by e-mail inquiring as to the status of her case. (See Ex. C).

21. On March 30, 2007, The Department of Homeland Security replied by email informing Plaintiff that her case is still pending. (See Ex. D).

22. On June 27, 2007 Plaintiff contacted the USCIS Nebraska Service Center regarding the status of her case. (See Ex. E).

23. On July 16, 2007, Plaintiff received a response letter from the USCIS Nebraska Service Center indicating that her case is still pending at the Nebraska Service Center. (See Ex. F).

24. In July of 2007, Plaintiff sought the assistance of Congresswoman Lynn Woolsy of the 6th Congressional District of California in determining the status of her case.

25. On July 20, 2007, Congresswoman Lynn Wooslsy sent a letter to Plaintiff informing Plaintiff that Congresswoman Woosly contacted the USCIS Nebraska Service Center regarding the status of Plaintiff's Application to Adjust Status, Form I-485. Congresswoman Woosly's letter informed Plaintiff that the Nebraska Service Center informed her by letter that the "FBI name checks are still pending". (See Ex. G).

26. On September 28, 2007, counsel for Plaintiff, mailed a letter to the USCIS Nebraska Service Center inquiring about the status of Plaintiff's I-485 Application for Adjustment of Status and reason for delay in processing her application. (See Ex. H).

27. It has now been approximately four years since Plaintiff filed her Form I-485, application for adjust of status. Plaintiff has made numerous requests to determine the status of her application and the delay associated with its adjudication, but has yet to receive a reasonable response or explanation from any governmental agency.

28. Plaintiff has exhausted all administrative remedies available.

## CLAIMS

29. Defendants have willfully and unreasonably delayed in, and have refused to, adjudicate Plaintiff's Application for Asylum, Form I-485, thereby depriving Plaintiff the benefits of becoming a Permanent Resident of the United States; and thus additionally depriving the plaintiff of her right to naturalize to a United States citizen, or at least of having her application adjudicated under the law. Defendants have also deprived Plaintiff of the peace of mind to which she is entitled under the Immigration and Nationality Act.

30. Defendants have a clear duty under the Immigration and Nationality Act ("INA") Section 245 to adjudicate applications for adjustment of status in a reasonably timely manner. Defendants have unreasonably delayed or refused to adjudicate Plaintiffs Form I-485, Application to Adjustment Status. Defendants have failed to perform their clear duty by refusing to adjudicate or unreasonably delaying the adjudication of Plaintiff's application.

31. Plaintiff has a clear right under the INA, specifically INA § 245, to have her I-485 Application to Adjust Status adjudicated in a reasonable period of time by the Defendants. Plaintiff has been deprived of this clear right by the Defendants.

32. Plaintiff has exhausted any administrative remedies that may exist.

33. Defendants' practices, policies, conduct, and failures to act as to Plaintiff's asylum application, violate the Administrative Procedures Act, 5 U.S.C. §§ 702 and 706, because agency action is unlawfully withheld or unreasonable delayed under §706(1).

34. **Wherefore, Plaintiff prays that the Court:**

　　(1)　Assume Jurisdiction of this case.

(2) Compel Defendants and those acting under them to perform their duty to adjudicate Plaintiff's Application to Adjust Status, Form I-485.

(3) Grant such other and further relief as this Court deems proper under the circumstances; and

(4) Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act

Respectfully this 8th, day of October, 2007


_____/S/ Ben Loveman_____
Ben Loveman, Esq.
Law Offices of Virender Kumar Goswami
Attorney for Respondent