**BEN LOVEMAN**  (SBN # 249970)
ATTORNEY AT LAW
Law Offices of Virender Kumar Goswami
870 Market Street., Ste. 1028
San Francisco, California 94102
Tel: (415) 391-0228
Fax:(415) 288-0459

Attorney for Plaintiff
**PADAM GIRI**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **NISHAT KOUSAR** <br><br> Plaintiff <br><br> v. <br><br> **ROBERT MUELLER III,** Director, Federal Bureau of Investigation; **EMILIO GONZALES,** Director, U.S. Citizenship and Immigration Services (USCIS); **MICHAEL CHERTOFF,** Secretary, Department of Homeland Security; **MICHAEL B. MUKASEY,** Attorney General, Department of Justice; **TERRY RICE,** San Francisco Field Office Director, USCIS; **EMILIA BARDINI,** Director, Asylum Office, San Francisco <br><br> Defendants. | No.: 07-05221 EDL <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing Date: March 3, 2008, <br> Time: 9:00 A.M <br> Court: E |

Plaintiff's Notice of Motion and Motion for Summary Judgment

1

### I.    NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that this matter may be heard before the Honorable Elizabeth Laporte, located at 450 Golden Gate Avenue, San Francisco, CA, the Plaintiff will and hereby move the Court for summary judgment on the ground that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

### II.    MOTION

Plaintiff, Nishat Kousar moves this Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based on this Notice, the points and authorities in support of this motion, the complaint and documents attached to the complaint and other such matters as may be presented to the Court at the time of the hearing.

### III.    STATEMENT OF RELIEF SOUGHT BY PLAINTIFF

Plaintiff seeks summary judgment in her actions for a writ of mandamus and for relief under the Administrative Procedures Act and for the Court to enter an order requiring Defendants to expeditiously adjudicate her application for adjustment of status. In addition, the Plaintiff requests the Court order any other relief which may be just, including costs, expenses, and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.SC. § 2412(d), et seq.

### III.    MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

Plaintiff filed an application to adjust her status to lawful permanent resident on January 5, 2004. *See* Complaint for Writ of Mandamus ("Plaintiff's Complaint") at Exhibit B. Over four years have passed since Plaintiff filed her application to adjust status. The only information that Plaintiff has been able to ascertain regarding the status of her case from Defendants is that her case is pending for Background Investigation and "FBI Name Checks." *See* Plaintiff's Complaint at Ex. F, G.

### ARGUMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

Plaintiff's Notice of Motion and Motion for Summary Judgment

affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is genuine only if there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *See* Anderson v. Libert Lobby, Inc., 477 U.S. 242, 248-49 (1986). At summary judgment statge, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the nonmovant's favor. *See* id. at 255.

Summary Judgment is appropriate because the pleadings, even when viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact. Plaintiff's complaint seeks relief under the Mandamus Act, 28 U.S.C. § 1361, or pursuant to 28 U.S.C. § 1331 and the Administrative Procedures Act (APA).

In order to obtain mandamus relief, Plaintiff must demonstrate that "(1) [his] claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); *see also* Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). For relief pursuant to § 1331 and the APA, Plaintiff must show that Defendants unreasonably delayed in processing her application. *See* 5 U.S.C. § 555(b) ("[W]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); *See also* id. § 706(1) (providing that courts shall "compel agency action unlawfully withheld or unreasonably delayed").

There is no genuine issue of material fact as to Plaintiff's right to relief in the form of a writ of mandamus. Plaintiff has a clear right to have her adjustment of status adjudicated, the Defendant's have a non-discretionary duty to provide that relief and plaintiff has no other adequate remedy available.

1. Clear and Certain Claim

Section 245 of the Immigration and Nationality Act ("INA") regulates adjustment of status applications. Plaintiff has a clear and certain right under INA § 245 and the INA generally to have her application adjudicated by Defendants. *See* Yu v. Brown, 36 F. Supp. 2d 922, 931 (D.N.M. 199) (holding that Administrative agencies do not have discretion to "avoid discharging the duties that Congress intended them to perform."); Ahmed v. DHS, 328 F.3d 383 (7th Cir. 2003). Defendants acknowledge receiving Plaintiff's application for adjustment of status and

Plaintiff's Notice of Motion and Motion for Summary Judgment

have not acknowledged or claimed any facts that would prevent them from adjudicating Plaintiff's application in a reasonable amount of time. *See* Plaintiff's Complaint at Ex. B and Defendants' Answer.

2. Nondiscretionary Duty

Defendants have a non-discretionary duty to adjudicate Plaintiff's adjustment of status application. *See* Yu, 36 F. Supp. 2d at 925 (emphasizing that there is a difference between an agency's discretion over *how* to resolve an application and an agency's discretion over *whether* it resolves an application); Aboushaban v. Mueller, No. C 07-1280 BZ, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006).   While Defendants have discretion in how they adjudicate applications it is not in their discretion to simply not process applications like that submitted by Plaintiff. Gelfer v. Chertoff*, 2007 WL 902382 (N.D. Cal. March 22, 2007).* Further, regulations support the existence of a nondiscretionary duty. For example, with respect to an application for adjustment like Plaintiff's application, which is asylum based, 8 C.F.R. § 209.2(f) provides:

> "[t]he applicant *shall* be notified of the decision, and if the application is denied, of the reasons for denial . . . . if the application is approved, the director *shall* record the alien's admission for lawful permanent residence as of the date one year before the date of the approval of the application . . . " 8 C.F.R. § 209.2(f) (*emphasis added*).

In Aboushaban the Court interpreted this text "as creating a non-discretionary duty to adjudicate the plaintiff's application." Aboushaban at *4.   8 C.F.R. § 245.2(a)(5) provides similar instructions for agency action in marriage-based applications for adjustment of status.  Further, the APA also imposes a clear duty on Defendants to adjudicate Plaintiff's application.  APA §§ 555(b) and 706(1).  As the relevant regulation and judicial precedent illustrate, Defendants clearly have non-discretionary duty to adjudicate plaintiffs application.

3. Unreasonable Delay

As discussed above, there is little doubt that Plaintiff has a clear and certain claim or right to have her application adjudicated and there is also little or no doubt that Defendants have a non-discretionary duty to adjudicate Plaintiff's application.  The crucial issue is whether Defendants have failed to perform their duty within a reasonable period of time.  Courts addressing the issue of reasonableness of delay in adjudicating adjustment of status applications have typically looked to ". . . the source of the delay – e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." Saleh v. Ridge, 367 F. Supp. 2d

Plaintiff's Notice of Motion and Motion for Summary Judgment

508, at 512 (S.D.N.Y. 2005). *See also* Bartolini v. Ashcroft, 226 F. Supp. 2d 350, 354 (D. Conn. 2002).

In this case, no evidence has been offered attributing any portion of the delay (the application has been pending for over four years) to any actions or omissions by Plaintiff. Further, there is no evidence that Plaintiff's case presented Defendants with any unusually complex issues that could possibly justify a delay. The evidence in the record is clear that it is the Defendants duty to process these type of applications and thus it is highly likely that any delay in the adjudication of an application is due to an act or omission on the part of the defendants.

In *Yu*, 36 F. Supp. 2d 922 at 934, the court applied an additional six factors in concluding that the agencies had unreasonably delayed in the adjudication of Yu's application. These factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the spheres of economic regulation are less tolerable when human health and welfare are at stake are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Congress, in Section 202 of Title II of the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) provides that immigration applications should be completed no later than 180 days after initial filing. 8 U.S.C. § 1571. In the case of employment based applications, Congress provided special provisions allowing applicants to change employers where their application had been pending for over 180 days. 8 U.S.C. § 1154(j). Plaintiff's application has been pending for over 4 years; that is 8 times longer than what is contemplated by Congress.

Clearly this delay falls into the category of a case involving human health and welfare and thus should be less tolerable to the Court. An adjustment application is the key to an alien obtaining a plethora of invaluable rights that flow from Naturalization. As to the possible effect of expediting this delayed action on Defendant agencies activities of a higher priority, Defendants have not alleged that expediting this application would in any way affect the ability of their

Plaintiff's Notice of Motion and Motion for Summary Judgment

agencies to perform any of the activities they currently perform at the level they are currently performing them.

As to the nature and extent of interests prejudiced by the delay, Plaintiff's inability to obtain Legal Permanent Resident status negatively impacts on a vast array of important rights, including the ability to become a citizen (one must first become a permanent resident before becoming a citizen. 8 U.S.C. § 1427(a)) , the ability to petition for family members to immigrate and the right to travel.

As discussed above, Plaintiff is not responsible for the delay, no good reason for the delay has been offered, and the prejudice that Plaintiff suffer as a result of this delay is far-reaching and substantial.  Plaintiff's application has been pending for four years.  Given the circumstances of this case the period of time the application has been pending is unreasonable.

Plaintiff has a clear right to the relief requested, Defendants have a clear duty to adjudicate Plaintiff's adjustment of status application, and no other adequate remedy is available, the relief under the APA and Mandamus Act is warranted.  The evidence considered in the light most favorable to the Defendants, demonstrate, as a matter of law, that Defendants unreasonably delayed in the processing of Plaintiff's adjustment application.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant summary judgment in favor of the Plaintiff and a writ of mandamus be issued against all Defendants.

Respectfully submitted this 28 day of January, 2008,

_____/s/_____
Ben Loveman, Esq.
Law Offices of Virender Kumar Goswami
Attorney for Respondent

Plaintiff's Notice of Motion and Motion for Summary Judgment