1  **BEN LOVEMAN**  (SBN # 249970)
   ATTORNEY AT LAW
2  Law Offices of Virender Kumar Goswami
   870 Market Street., Ste. 1028
3  San Francisco, California 94102
   Tel: (415) 391-0228
4  Fax:(415) 288-0459

5  Attorney for Plaintiff
   **NISHAT KOUSAR**

6

7
                    UNITED STATES DISTRICT COURT
8                   NORTHERN DISTRICT OF CALIFORNIA
                       SAN FRANCISCO DIVISION
9

10
   **NISHAT KOUSAR**                          )   No.: 07-05221 EDL
11                                            )
           Plaintiff                          )
12                                            )
     v.                                       )
13                                            )
   **ROBERT MUELLER III,** Director,          )   **PLAINTIFF'S CROSS-OPPOSITION**
14 Federal Bureau of Investigation; **EMILIO**)   **TO DEFENDANT'S'S CROSS-**
   **GONZALES,** Director, U.S. Citizenship   )   **MOTION FOR SUMMARY**
15 and Immigration Services (USCIS);          )   **JUDGMENT**
   **MICHAEL CHERTOFF,** Secretary,           )
16 Department of Homeland Security;           )
17 **MICHAEL B. MUKASEY,** Attorney           )   Hearing Date: March 4, 2008,
   General, Department of Justice; **TERRY**  )   Time: 9:00 A.M
18 **RICE,** San Francisco Field Office Director, )   Court: E
19 USCIS; **EMILIA BARDINI,** Director,       )
   Asylum Office, San Francisco               )
20                                            )
                                              )
21                                            )
           Defendants.                        )
22                                            )
                                              )
23                                            )
                                              )
24                                            )
                                              )
25                                            )
                                              )
26
27
28

1

**Defendants** argue that a writ of mandamus is not available to Plaintiff because her claim is not clear and certain and because her application has not been unreasonably delayed.

First, the Defendants conclusory argument that Plaintiff's claim is not clear and certain is without merit. Plaintiff has met all statutory requirements under 8 U.S.C 1255(a) (INA § 245) to establish their eligibility for adjustment of status. It has been found that the INA establishes a clear right to relief for adjustment of status applicants. *Ahmed v. DHS,* 328 F.3d 383 (7th Cir. 2003); *Yu v. Brown,* 36 F. Supp. 2d 922, 930-932 (D.N.M. 1999). Defendant's have not provided any evidence contrary to Plaintiff's claim to have met all statutory requirements for adjustment of status. Thus, Plaintiff has a clear and certain claim for adjustment of status.

Second, the delay in this case is clearly unreasonable. Recently, Courts in this District have granted summary judgment on factually similar mandamus cases with respect to CIS' duty to adjudicate a plaintiff's I-485 application within a reasonable time. *Aboushan v. Mueller,* WL 3041086 (N.D. Cal. Oct. 24, 2006). In another case the Judge found that a more than two year delay to be unreasonable as a matter of law. *Gelfer v. Chertoff,* 2007 WL 902382 at *2 (N.D. Cal. March 22, 2007). Other Courts have found cases where adjustment of status applications have been pending for over 6 to 24 months unreasonable. *See Galvez v. Howerton,* 503 F.Supp. 35, 39 (C.D. Cal. 1980); *Salehian v. Novak*, No. 06-459, 2006 U.S. Dist. LEXIS 77028 (D. Conn. 2006); *Yu,* 36 F. Supp. 2d at 931-32; *Agbemaple v. INS*, No. 97 C 8547, 1998 WL 292441 (N.D. Ill. 1998); *Elkhatib v. Butler*, No. 04-222407, 2006 WL 2333566 (S.D. Fla. 2005).

The USCIS has failed to adjudicate plaintiff's adjustment of status application within a reasonable time. Reasonableness of the delay is a factual determination to be determined on a case by case basis. *Yu,* 36 F.Supp. 2d at 953. One can look at the internal operating procedures or what the average adjudication time is for adjustment of status applications, such as processing reports. The USCIS' own dates for I-485 asylum based adjustment applications at the Nebraska Service Center as of February 12, 2008 is October 1, 2006. Section 202 of Title II of the American Competitiveness in the Twenty First Century Act of 2000 (AC21) provides that immigrant applications should be completed no later than 180 days after initial filing. 8 U.S.C. § 1751. The 180 day anticipated time line for adjudication of adjustment of status applications was also incorporated within Section 106(c) of AC21, which permits an adjustment of status applicant to change employers due to a long pending adjustment of status application. 8 U.S.C. § 1154(j). Further, on February 4, 2008, the USCIS declared as a matter of policy that all otherwise

approvable adjustment applications that have been pending for over 180 days and that are only awaiting "FBI name checks", should be approved.

Further, the delays are not reasonable simply because the Defendants seek to shift the blame to another government agency or because they claim the delays are for national security reasons. In a recent mandamus case in this District, where FBI name check were the reason for the delay in adjudication, the Court granted a decision of summary judgment for the plaintiff's compelling the defendants to adjudicate the I-485 application in question in that case. *Singh v. Still,* No. C 06-2458, 2007 U.S. Dist. LEXIS 16334 (N.D. Cal. 2007. The Court in that case held that USCIS has a duty to process the applications and the FBI has a duty to process the name checks within a reasonable time. The USCIS in that case attempted to shift the blame for the delay to the FBI's name check program. The Cour tin that case stated that "even if the FBI were largely responsible for the delay as Respondent suggests, it conduct would properly be within the scope of the complaint herein." *Singh,* 2007 U.S. Dist. LEXIS 16334, at *4. This Court went on to state that "mere invocation of national security is not enough to render an agency delay reasonable per se." *Singh,* 2007 U.S. Dist. LEXIS 16334, at *5. The facts in *Singh* are substantially similar to the facts in the instant case in that the Defendant's are merely invoking National security and boundless agency discretion as adequate explanations of the delay in Plaintiff's case. The Court in this case should reject these arguments just as the *Singh* Court did.

Because Plaintiff has a clear right to the relief requested, Defendants have a clear duty to adjudicate Plaintiff's adjustment of status application, and no other adequate remedy is available, the relief of mandamus is warranted and Plaintiff respectfully requests that the Court grant her motion for summary judgment in this case.

**CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant summary judgment in favor of the Plaintiff and a writ of mandamus be issued against all Defendants.

Respectfully submitted this 12th day of February, 2008,

1  
2  _____/s/_____  
   Ben Loveman, Esq.  
   Law Offices of Virender Kumar Goswami  
3  Attorney for Respondent  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28