1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6               FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  NISHAT KOUSAR,                              No. C-07-05221  (EDL)

9          Plaintiff,                          **ORDER GRANTING PLAINTIFF'S**
                                               **MOTION FOR SUMMARY JUDGMENT**
10    v.                                       **IN PART AND DENYING IT IN PART;**
                                               **DENYING DEFENDANT'S MOTION**
11  ROBERT MUELLER III,                        **FOR SUMMARY JUDGMENT IN PART**
                                               **AND GRANTING IT IN PART**
12          Defendant.

13  _____/

14          On October 11, 2007, Plaintiff Nishat Kousar filed a petition for writ of mandamus pursuant

15  to the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, et seq., alleging that Defendants

16  have failed to adjudicate her I-485 application for permanent residency within a reasonable time.  In

17  her cross-motion for summary judgment, Plaintiff seeks an order directing Defendants to adjudicate

18  her I-485 application, which has been pending for over four years.  In their cross-motion for

19  summary judgment, Defendants argue that Defendants Robert Mueller and Michael B. Mukasey

20  should be dismissed, that relief is not available under the APA and that the delay in processing

21  Plaintiff's application is reasonable.

22  **I.       FACTUAL BACKGROUND**

23          Plaintiff is a citizen of India.  She was granted political asylum in the United States on

24  August 30, 2002.  Complaint ¶ 17 & Ex. A.  Plaintiff applied for adjustment of status to lawful

25  permanent residence (Form I-485) as an "asylee" pursuant to 8 U.S.C. § 1159(b) on January 5, 2004.

26  Id. at Ex. B.  A background security name check request was submitted to the FBI by the United

27  States Citizenship and Immigration Services ("USCIS"), and received by the FBI on January 14,

28  2004.  Cannon Decl. ¶ 41.  The only information that Plaintiff has been able to ascertain regarding

    the status of her case is that her case is pending for Background Investigation and FBI name checks.

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1    <u>See</u> Complaint at Ex. F, G.

2    **II.    LEGAL STANDARDS**

3        A.    Mandamus Jurisdiction

4        "Mandamus is an extraordinary remedy and is available to compel a federal official to

5    perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is

6    nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other

7    adequate remedy is available." <u>Patel v. Reno</u>, 134 F.3d 929, 931 (9th Cir. 1997); 28 U.S.C. § 1361

8    ("The district courts shall have original jurisdiction of any action in the nature of mandamus to

9    compel an officer or employee of the United States or any agency thereof to perform a duty owed to

10   the plaintiff.")

11       B.    APA Jurisdiction

12       To invoke jurisdiction under the Administrative Procedure Act ("APA"), "a petitioner must

13   show that (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed

14   in acting on that duty." <u>Gelfer v. Chertoff</u>, 2007 WL 902382 at *1 (N.D. Cal., March 22, 2007)

15   (Alsup, J.) (citing <u>Norton v. Southern Utah Wilderness Alliance</u>, 542 U.S. 55, 63-65 (2004)). "Once

16   a petitioner has proven a right to relief under the circumstances, it is the reviewing court's duty to

17   'compel agency action unlawfully withheld or unreasonably delayed.'" <u>Id.</u> (quoting 5 U.S.C. §

18   706(1)).  The APA provides: "To the extent necessary to decision and when presented, the reviewing

19   court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and

20   determine the meaning or applicability of the terms of an agency action.  The reviewing court shall–

21   . . . compel agency action unlawfully withheld or <u>unreasonably delayed</u>. . . . In making the foregoing

22   determinations, the court shall review the whole record or those parts of it cited by a party, and due

23   account shall be taken of the rule of prejudicial error."  5 U.S.C. § 706 (emphasis added).

24       The APA further provides that "[w]ith due regard for the convenience and necessity of the

25   parties or their representatives and within a reasonable time, each agency shall proceed to conclude a

26   matter presented to it."  5 U.S.C. § 555(b).  "Section 706(1) empowers a court only to compel an

27   agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without

28   directing <u>how</u> it shall act.'"  <u>Norton</u>, 542 U.S. at 64 (citations omitted) (emphasis in original).

**United States District Court**
For the Northern District of California

1   C.    Summary Judgment

2        Summary judgment shall be granted if "the pleadings, depositions, answers to

3   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

4   genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

5   law." FRCP 56(c).  Material facts are those which may affect the outcome of the case.  See

6   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is

7   genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving

8   party.  Id.  The court must view the facts in the light most favorable to the non-moving party and

9   give it the benefit of all reasonable inferences to be drawn from those facts.  Matsushita Elec. Indus.

10  Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

11  **III.    DISCUSSION**

12       A.    Dismissal of Defendants Mueller and Mukasey

13       Since March 1, 2003, the Department of Homeland Security has been the agency responsible

14  for implementing the Immigration and Nationality Act.  6 U.S.C. §§ 271(b)(5), 557.  Thus, Robert

15  Mueller, the Director of the Federal Bureau of Investigation, and Michael Mukasey, the Attorney

16  General, are not proper defendants in this case.  See, e.g., Konchitsky v. Chertoff, 2007 WL

17  2070325, *6-7 (N.D. Cal. July 13, 2007) (granting motion to dismiss director of FBI); Clayton v.

18  Chertoff, 2007 WL 2904049, *3 (N.D. Cal. Oct. 1, 2007) (same); Astafieva v. Gonzales, 2007

19  U.S.Dist. LEXIS 28993 (N.D. Cal. Apr. 2 2007) (dismissing FBI Director and Attorney General as

20  defendants).  In addition, Plaintiff did not oppose this portion of the motion in her opposition.

21  Accordingly, Defendants' Motion for Summary Judgment is GRANTED as to Defendants Mueller

22  and Mukasey.

23       B.    Relief Under the APA

24       This Court has previously agreed with the view that "courts have jurisdiction at a minimum

25  under the APA because Defendants have a non-discretionary duty to process the AOS [adjustment of

26  status] applications within a reasonable time, as distinct from its discretionary authority of whether

27  to grant or deny the applications." Fu v. Gonzales, 2007 WL 1742376, *2 (N.D. Cal. May 22,

28  2007); see also Alibeik v. Chertoff, 2007 U.S. Dist. LEXIS 86289 (N.D. Cal. 2007).

1    Defendants have a ministerial duty to act on Plaintiff's I-485 application pursuant to 8 U.S.C.

2  § 1255, within a reasonable time under 5 U.S.C. § 555(b).  Pursuant to 8 U.S.C. § 1571(b), "it is the

3  sense of Congress that the processing of an immigration benefit application should be completed not

4  later than 180 days after the initial filing of the application. . . ."  However, "what constitutes an

5  unreasonable delay in the context of immigration applications depends to a great extent on the facts

6  of the particular case." Gelfer v. Chertoff, 2007 WL 902382 at *2 (N.D. Cal., March 22, 2007)

7  (quoting Yu v. Brown, 36 F. Supp. 2d 922, 934 (D.N.M. 1999)).

8    The leading case on the issue of unreasonable delay is Telecomm Research & Action Center

9  v. FCC, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC"), which set forth a six-factor test to assess the

10  reasonableness of agency delay: "(1) the time agencies take to make decisions must be governed by

11  a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with

12  which it expects the agency to proceed in the enabling statute, that statutory scheme may supply

13  content for this rule of reason; (3) delays that might be reasonable in the sphere of economic

14  regulation are less tolerable when human health and welfare are at stake; (4) the court should

15  consider the effect of expediting delayed action on agency activities of a higher or competing

16  priority; (5) the court should also take into account the nature and extent of the interests prejudiced

17  by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to

18  hold that agency action is unreasonably delayed." TRAC, 750 F.2d at 80 (internal citations and

19  quotations omitted); see also Yu, 36 F. Supp. 2d at 931(applying TRAC factors in immigration

20  case); Alibeik v. Chertoff, 2007 U.S. Dist. LEXIS 86289 (same).

21    Here, there is no evidence that Plaintiff is responsible for any part of the delay in the

22  adjudication of her application.  To the contrary, Plaintiff and her counsel actively sought updates

23  regarding her application from USCIS.  In addition, Plaintiff sought assistance from her

24  congresswoman Lynn Woolsey.  In fact, while Defendants argue that USCIS has been working on

25  Plaintiff's application, they admit that the delay is solely due to the FBI name check process.  Mot. at

26  2:1-2.  In their opposition brief, Defendants claim that the name check was completed on January

27  24, 2008, and that Plaintiff's application is being actively adjudicated.  See Opp. at 2:1.  However,

28  this is an insufficient reason to deny Plaintiff's request for relief, as Defendants have not indicated

4

United States District Court
For the Northern District of California

1  that the application's adjudication is now complete or given a deadline for its completion.

2       Defendants submitted a declaration by Michael Cannon, the Section Chief of the National

3  Name Check Program Section at FBI Headquarters, providing extensive detail about how the name

4  check program system works and that the system is overloaded with requests for name checks. See,

5  e.g., Cannon Decl. ¶¶ 13-15 (explaining stages of name check clearance); ¶ 21 (describing increase

6  in annual FBI name checks). See also Decl. of Mark Rohrs ¶ 13 (Plaintiff's name check request was

7  electronically submitted to the FBI on January 7, 2004, the FBI acknowledged receipt of the name

8  check on January 14, 2004, and a response was required from the FBI before the case could be

9  adjudicated). Shifting the onus to the FBI does not, however, show timeliness. See Gelfer, 2007

10  WL 902382 at *2 (the USCIS had not pointed "to a single action taken during that period of time [of

11  two years] to further the processing of petitioner's application or a reason why petitioner's

12  application is particularly troublesome"); see also Singh v. Still, 470 F. Supp. 2d 1064, 1068 (N.D.

13  Cal. 2007) ("The critical issue is not whether a particular branch of the federal government is

14  responsible for the delay; it is whether the individual petitioner versus the government qua

15  government is responsible."). Nor does it raise a triable issue of fact as to USCIS's duty to process

16  Plaintiff's application within a reasonable time. In fact, it shows that in this case, Defendants are

17  entirely responsible for the delay in processing Plaintiff's application.

18       Moreover, the TRAC factors weigh against finding that the delay in this case was reasonable.

19  While there is no specific timetable for the processing of immigration status applications, the duty to

20  adjudicate those applications is mandatory. Although the delay in this case – over *four* years –  is

21  substantial, measurement of the delay in years alone does not establish that the delay fails to

22  comport with a rule of reason. Here, however, the remaining factors, in addition to the already

23  lengthy processing period, demonstrate that the delay is unreasonable. Human welfare is at stake;

24  the nature of the interests prejudiced by the delay are personal to Plaintiff. Although national

25  security certainly justifies a thorough name check process, there is no contention that Plaintiff's

26  application is particularly complex or any evidence as to why the name check caused the application

27  processing to take far longer than the 180 days suggested by Congress. In addition, while there is no

28  evidence of impropriety by Defendants, good faith conduct is not dispositive of the reasonableness

1    issue.  See Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 120 (D. D.C. 2005).

2           Finally, delays similar in length than that at issue here have been found to be unreasonable.

3    See, e.g., Konchitsky, 2007 WL 2070325 at *5-6 (absent a particularized explanation justifying

4    delay, a more than two year delay was unreasonable); Gelfer, 2007 WL 902382 at *2 (more than two

5    year delay may be unreasonable where Defendants could not point to any reason why the particular

6    application was troublesome); Yu, 36 F. Supp. 2d at 932 (two and one-half year delay

7    unreasonable); Alibeik, 2007 U.S. Dist. LEXIS 86289 (two and one-half years unreasonable).  In

8    this case, Defendants have provided no evidence to raise a triable issue of fact or to explain why

9    Plaintiff's application is still pending after four years.

10          In accordance with the foregoing, Plaintiff's Motion for Summary Judgment is GRANTED

11   as to the USCIS Defendants and DENIED as to Defendants Mueller and Mukasey.  Defendants'

12   Motion for Summary Judgment is DENIED as to the USCIS Defendants and GRANTED as to

13   Defendants Mueller and Mukasey.

14          However, the Court requests further briefing as to the relief that is proper here in light of

15   what appears to be a revision to USCIS's policy, which states that the adjudicator shall approve I-

16   485 applications that are otherwise approvable where the FBI name check request has been pending

17   for more than 180 days.  In addition, the parties shall update the Court in its brief as to whether

18   Plaintiff's application has now been adjudicated since her name check is complete, and if not, when

19   that adjudication is expected to occur.  The parties shall file such briefs with the Court no later than

20   March 17, 2008.

21          **IT IS SO ORDERED.**

22   Dated: March 11, 2008                        *Elizabeth D. Laporte*
                                                   _____
23                                                 ELIZABETH D. LAPORTE
                                                   United States Magistrate Judge

24

25

26

27

28